IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GREG MURRAY | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv133 |
| S. BATTLES, ET AL | § | |

## MEMORANDUM OPINION

Plaintiff Greg Murray, an inmate confined within the Bureau of Prisons, proceeding *pro se*, brings this *Bivens*-type[1] civil rights lawsuit against Jody R. Upton and J. Richardson.

## Factual Background

Plaintiff alleges that on June 26, 2007, he was charged with a prison disciplinary offense. During the initial stages of the disciplinary process, plaintiff spoke with defendant S. Battles, a counselor. He states that during their informal discussion, he agreed to sign a waiver of his appearance before the Unit Discipline Committee ("UDC"), but did not waive his right to a staff representative or to call witnesses in his own defense. Plaintiff states he signed the upper portion of the applicable form and was told by defendant Bates that he needed to sign the bottom of the document as well. He states that during their discussion, defendant Bates specifically told him that the waiver only applied to UDC proceedings. Plaintiff alleges that after the discussion concluded, defendant Battles wrote on the form that plaintiff also waived proceedings before the Disciplinary Hearing Officer ("DHO")

---

[1] *See Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971).

and filled out additional forms stating plaintiff did not want to call any witnesses to testify on his behalf and did not wish to have a staff representative assist him.

Plaintiff states that at a hearing he did not attend, the DHO found him guilty of the disciplinary offense and imposed punishment, including the forfeiture of previously earned good conduct time credits. He states that administrative appeals he filed complaining about the proceedings were all denied.

## Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff with the opportunity to present additional facts when necessary, the facts alleged therein are clearly baseless or fanciful. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its fact." *Id.*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

## Analysis

As relief in this matter, plaintiff seeks monetary damages. As a result, for the reasons set forth below, plaintiff's claim must be dismissed.

In order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a

writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87.[2] A claim for damages based on an imprisonment that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove facts which would imply the unlawfulness of the duration of his confinement. *Id*. at 487.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of a plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that a proceeding relating to the duration of his confinement has already been invalidated. *Id.* If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the duration of plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*.

In this lawsuit, plaintiff asserts he was denied due process of law in connection with the disciplinary proceeding described in his complaint. A finding in plaintiff's favor would imply that

---

[2] *Heck* involved a lawsuit filed pursuant to 42 U.S.C. § 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid. However, the principles established in *Heck* also apply to lawsuits filed pursuant to *Bivens* and to lawsuits in which a finding in the plaintiff's favor would imply that a prison disciplinary conviction was invalid. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994), and *Edwards v. Balisok*, 520 U.S. 641, 646-7 (1997).

4

petitioner's disciplinary conviction was invalid. As plaintiff was forced to forfeit good conduct credits as a result of the disciplinary proceeding, a finding in plaintiff's favor would necessarily imply the invalidity of the duration of his confinement. In other words, if plaintiff were to prevail in this lawsuit, such a result would imply plaintiff should be released earlier than would otherwise be the case. Accordingly, plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of the disciplinary proceeding were satisfied. As plaintiff does not assert that the *Heck* requirements have been satisfied with respect to the disciplinary conviction, *Heck* bars him from proceeding with this claim.

## Conclusion

For the reasons set forth above, this civil rights lawsuit will be dismissed with prejudice until plaintiff satisfies the requirements set forth in *Heck v. Humphrey*. An appropriate final judgment shall be entered.

**SIGNED** this the 5 day of **March, 2012.**

_____
Thad Heartfield
United States District Judge